1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROY LEE HUMPHREY,                          No.  2:25-cv-01163 DJC SCR P

12                Plaintiff,

13          v.                                    ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14    SUPERIOR COURT OF CALIFORNA
      COUNTY OF SACRAMENTO
15    JUVENILE COURT, et al.,

16                Defendants.

17

18          Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action

19    under 42 U.S.C. § 1983.  Plaintiff's complaint expressly seeks to void his criminal conviction and

20    sentence.  Therefore, it is recommended that plaintiff's complaint be dismissed without leave to

21    amend pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck").  Because the complaint is

22    Heck-barred, the undersigned will exercise discretion to deny plaintiff's application to proceed in

23    forma pauperis.  See Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A

24    district court may deny leave to proceed in forma pauperis at the outset if it appears from the face

25    of the proposed complaint that the action is frivolous or without merit.").

26                                **STATUTORY SCREENING**

27          The court is required to screen complaints brought by prisoners seeking relief against "a

28    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

                                              1

1    performing this screening function, the court must dismiss any claim that "(1) is frivolous,

2    malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

3    from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous

4    when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

5    (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

6    legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

7    inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

8    factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

9            In order to avoid dismissal for failure to state a claim a complaint must contain more than

10   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

14   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

17   considering whether a complaint states a claim, the court must accept the allegations as true,

18   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

19   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20                                    **PLAINTIFF'S COMPLAINT**

21           Plaintiff's complaint names the following defendants: (1) Sacramento County Juvenile

22   Court; (2) Kristina Lindquist, Presiding Judge, Sacramento County Juvenile Court; (3)

23   Sacramento County Superior Court; (4) Bunmi Awoniyi, Presiding Judge, Sacramento County

24   Superior Court; (5) Sacramento County District Attorney Office; (6) Thien Ho, Sacramento

25   County District Attorney; (7) California Department of Corrections and Rehabilitation (CDCR);

26   and (8) Jeff Macomber, CDCR Director.  (ECF No. 1 at 1-2.)

27           Plaintiff alleges he was arrested on March 22, 2002, and jailed at Sacramento County

28   Juvenile Hall.  (ECF No. 1 at 3.)  He has been unlawfully detained for almost 23 years, including

                                                    2

1  18 years in CDCR custody.  Plaintiff lists several alleged due process violations in his juvenile

2  and adult criminal proceedings that he claims void his conviction and sentence, including:

3  interrogation without a parent present; no notice of a detention hearing; no notice or jurisdiction

4  hearings; an unlawful transfer from juvenile court to adult criminal court; and myriad other

5  violations of the California Welfare and Institutions Code, California Penal Code, and California

6  Rules of the Court.  (Id. at 3-5, 8-11.)

7      Plaintiff explains that his criminal case, Case No. #02F02888, is on appeal in the Third

8  Appellate District, Case No. #C101906.  (ECF No. 1 at 5.)  He also has a habeas corpus case,

9  Case No. #24HC00218.[1]  (Id.)  Plaintiff seeks an order directing defendants to cease and desist

10  the void judgments, expungement of his related arrest history under Cal. Penal Code § 851.8, and

11  $65 million dollars in damages.  (Id. at 6-7.)

12  **DISCUSSION**

13  **I.**    **Plaintiff's Claim is Heck-barred**

14      In Heck, the U.S. Supreme Court held that incarcerated persons' claims that necessarily

15  implied the invalidity of their conviction or sentence could not be maintained under § 1983 unless

16  they proved "that the conviction or sentence has been reversed on direct appeal," or otherwise

17  declared invalid, called into question by the issuance of a habeas writ, or expunged.  512 U.S. at

18  486-87 (citation omitted).  Thus, when a prisoner seeks relief under § 1983, "the district court

19  must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

20  of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

21  demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.

22      Here, the Heck bar is evident from the face of plaintiff's complaint.  Judgment in favor of

23  plaintiff would, by definition, invalidate his conviction and sentence because the complaint

24  expressly requests that they be voided.  Further, the complaint and judicially noticeable records

---

25  [1]  On its own motion, the court takes judicial notice of these pending cases.  See Harris v. County
26  of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed
   matters of public record including documents on file in federal or state courts).  Case records
27  from the Sacramento County Superior Court can be found at
   https://services.saccourt.ca.gov/PublicCaseAccess/Criminal.  Case records for the Third Appellate
28  District can be found at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=3.

1    indicate that plaintiff's conviction and sentence have not been overturned or invalidated.

2    According to the Third Appellate District docket, plaintiff's appeal of his conviction and

3    sentence, Case No. C101906, is open and active.[2]  The Sacramento County Superior Court docket

4    shows that plaintiff's state habeas petition, Case No. 24HC00218, was denied on February 25,

5    2025.  Accordingly, the undersigned finds that plaintiff's complaint is Heck-barred and

6    recommends that it be dismissed.

7         **II.**     **Immunity**

8         The undersigned also recommends that plaintiff's complaint be dismissed because it

9    names defendants who are likely immune from suit.  First, the Eleventh Amendment bars federal

10    suits against states as well as arms of the state, "regardless of the nature of relief sought."  Crowe

11    v. Or. State Bar, 989 F.3d 714, 730 (9th Cir. 2021).  The two Sacramento County Superior Court

12    defendants and the Sacramento County District Attorney's Office are "arms of the state" entitled

13    to Eleventh Amendment immunity.  See Munoz v. Superior Ct. of L.A. Cnty., 91 F.4th 977, 980

14    (9th Cir. 2024) ("Given the considerable control that California exerts, 'a suit against the Superior

15    Court is a suit against the State, barred by the eleventh amendment'"); Jackson v. Barnes, 749

16    F.3d 755, 767 (9th Cir. 2014) (affirming dismissal of § 1983 claim against Ventura County

17    District Attorney's Office on Eleventh Amendment grounds).

18         Defendant CDCR is a state agency immune from suit under the Eleventh Amendment.

19    Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Defendant Macomber

20    would similarly be immune if sued in his official capacity.  See Mitchell v. Washington, 818 F.3d

21    436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state

22    official acting in his or her official capacity.")  To the extent plaintiff names Macomber in his

23    individual capacity, the claim fails for inadequate linkage because the complaint does not plead

24    any facts regarding this defendant.  See Starr v. Baca, 652 F.3d F.3d 1202, 1207-08 (Under §

25    1983, a plaintiff must allege facts showing: (1) a defendant's "personal involvement in the

26

27    [2]  Plaintiff appears to be appealing the denial of a resentencing request pursuant to Cal. Penal
28    Code § 1172.6.  The latest docket entry is dated September 5, 2025, and indicates appellant's next
     brief is due October 6, 2025.

4

constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury.").

Defendants Judge Lindquist and Judge Awoniyi are entitled to judicial immunity.  "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation omitted). Plaintiff does not allege any specific actions by either Judge but appears to challenge only judicial acts made in his underlying criminal cases.  Therefore, plaintiff's claims against Judge Lindquist and Judge Awoniyi are barred as a matter of law.

Defendant District Attorney Thien is entitled to prosecutorial immunity.  "State prosecutors are absolutely immune from § 1983 actions when performing functions intimately associated with the judicial phase of the criminal process," or, phrased differently, "when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (internal citations and quotations omitted).  Plaintiff again does not identify specific actions by defendant Thien but plainly challenges alleged procedural violations during the judicial phase of his criminal proceedings.  Therefore, plaintiff's claim against defendant Thien should be dismissed.

### III.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  However, if, after careful consideration, it is clear that a complaint cannot be

1    cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

2    Here, the complaint's facially obvious <u>Heck</u> bar cannot be cured by amendment.  The

3    complaint should therefore be dismissed without leave to amend, regardless of whether plaintiff

4    could cure any of the immunity or linkage issues identified above.  The dismissal is without

5    prejudice, which means plaintiff can reassert his due process challenges to his underlying

6    criminal conviction and sentence should he manage to overturn or invalidate them on appeal or

7    through habeas.  <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995).

8    **PLAIN LANGUAGE SUMMARY OF ORDER FOR PRO SE PLAINTIFF**

9    An incarcerated person's lawsuit under 42 U.S.C. § 1983 must be dismissed if winning

10    that lawsuit would imply the person's conviction is invalid, unless the conviction has been over-

11    turned on appeal or by habeas petition.  Here, your complaint asks the court to void your

12    conviction, but your conviction has not been overturned.  For this reason, it is being

13    recommended that your complaint be dismissed.  The dismissal is without prejudice, which

14    means you can refile if your conviction is overturned.

15    **CONCLUSION**

16    In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's request for

17    leave to proceed in forma pauperis (ECF No. 2) is DENIED.

18    IT IS FURTHER RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed

19    without leave to amend.

20    These findings and recommendations are submitted to the United States District Judge

21    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

22    after being served with these findings and recommendations, plaintiff may file written objections

23    with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

24    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

25    ////

26    ////

27    ////

28    ////

6

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

(9th Cir. 1991).

DATED: September 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE